UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESSICA LUMPKIN and JAYLINA LLOYD,

              Plaintiffs,

  - against -

DETECTIVE LAUREN BREHM, Shield No. 969,
DETECTIVE SHKELZEN AHMETAJ,
Shield No. 6476, DETECTIVE "JOHN DOE,"
and SERGEANT "RICHARD ROE,"

              Defendants.
------------------------------------------------------------X

15 CV 0839 (KPF)

SECOND AMENDED
COMPLAINT AND JURY
TRIAL DEMAND

      Plaintiffs, JESSICA LUMPKIN and JAYLINA LLOYD, by their attorney, ALAN D. LEVINE, ESQ., as and for their complaint herein, hereby allege as follows:

### JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

### VENUE

      4.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

      5.    Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff JESSICA LUMPKIN was and is a natural person, resident in the County of Kings, City and State of New York.

7. At all times relevant hereto, plaintiff JAYLINA LLOYD was and is a natural person, resident in the County of Kings, City and State of New York.

8. Plaintiff LUMPKIN and plaintiff LLOYD are, respectively, mother and daughter.

9. At all times relevant hereto, defendant DETECTIVE LAUREN BREHM, Shield No. 969[1] (hereinafter "BREHM") was and is a natural person, employed as a detective by the Police Department of the City of New York

10. At all times relevant hereto, defendant DETECTIVE SHKELZEN AHMETAJ, Shield No. 6476 (hereinafter "AHMETAJ") was and is a natural person, employed as a detective by the Police Department of the City of New York.

11. At all times relevant hereto, defendant DETECTIVE "JOHN DOE" (hereinafter "DOE") was and is a natural person, employed as a detective by the Police Department of the City of New York.

12. At all times relevant hereto, defendant SERGEANT "RICHARD ROE" (hereinafter "ROE") was and is a natural person, employed as a sergeant by the Police Department of the City of New York.

13. Defendants are sued in their individual capacities.

## AS AND FOR A CAUSE OF ACTION
### (42 U.S.C. § 1983)

14. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about July 1, 2014, at approximately 6:00 A.M., defendants AHMETAJ and DOE came to plaintiffs' apartment.

16. Plaintiff LUMPKIN was at home but plaintiff LLOYD was not.

17. Defendants AHMETAJ and DOE had in their possession an arrest warrant for a person named Michael Johnson.

18. There was no one with that name present in plaintiffs' apartment.

19. One of these defendants informed plaintiff that they were looking for plaintiff LLOYD as well as Michael Johnson.

20. Defendants AHMETAJ and DOE informed plaintiff LUMPKIN that she would have to come with them to the stationhouse of the 13th Precinct.

21. Plaintiff LUMPKIN was transported to the stationhouse of the 13th Precinct, in New York County, by defendants AHMETAJ and DOE, but was not handcuffed.

22. At the stationhouse, defendants AHMETAJ and DOE falsely informed plaintiff LUMPKIN that she was not under arrest but could sit in a holding cell.

23. Despite the false assurance of defendants AHMETAJ and DOE, plaintiff LUMPKIN was under arrest.

24. Defendants AHMETAJ and DOE took plaintiff LUMPKIN's cell phone and shoes from her.

25. At or about 11:00 A.M., defendant BREHM arrived at the stationhouse, informed plaintiff LUMPKIN of the fact that she was under arrest, and handcuffed her.

26. At or about 1:00 P.M., defendant BREHM told plaintiff LUMPKIN to use her own cell phone to call her daughter, plaintiff LLOYD, and get her to come to the stationhouse.

27. Plaintiff LUMPKIN was unable to reach her daughter, plaintiff LLOYD.

28. Defendant ROE informed plaintiff LUMPKIN that she would not be released from custody until she produced her daughter.

29. Thus, plaintiff LUMPKIN was illegally held hostage for the arrival of her daughter.

30. However, plaintiff LLOYD did not come to the aforementioned stationhouse on July 1, 2014.

31. Finally, after being held hostage in the precinct for approximately nine hours, plaintiff LUMPKIN, only upon her promise to produce her daughter, plaintiff LLOYD, was issued a desk appearance ticket (DAT), falsely and maliciously accusing her of petit larceny.  A copy of the aforementioned DAT is annexed hereto as Exhibit "A."

32. The aforementioned DAT was issued to defendant LUMPKIN by defendant BREHM.

33. Upon issuing the desk appearance ticket to plaintiff LUMPKIN, defendant BREHM falsely informed plaintiff LUMPKIN that she would void the ticket when plaintiff LUMPKIN produced defendant LLOYD.

34. Upon information and belief, defendant BREHM issued the aforementioned DAT to plaintiff LUMPKIN in an attempt to make the illegal detention of her appear to be justified.

35. Accompanied by an attorney, defendant LLOYD was produced to defendant AHMETAJ, at the 13th Precinct, on July 17, 2014, at or about 9:00 A.M.

36. Defendant LLOYD was held in custody at the 13th Precinct and Manhattan Central Booking until approximately 12:30 A.M. on July 18, 2014.

37. At the aforementioned time, defendant LLOYD was released fom Central Booking because the New York County District Attorney declined to prosecute the case against her, upon information and belief because there was not probable cause for her arrest.

38. The desk appearance ticket issued to plaintiff LUMPKIN was not voided by defendant BREHM, despite her false promise to do so.

39. Plaintiff LUMPKIN appeared in Criminal Court of the City of New York, County of New York, on August 5, 2014, which was the return date of the aforementioned desk appearance ticket.

40. On August 5, 2014, plaintiff LUMPKIN received a document from the Office of the New York County District Attorney, a copy of which is annexed hereto as Exhibit "B" to this complaint.

41. The aforementioned document stated, in pertinent part, that the Office of the District Attorney was not ready to proceed with the prosecution against plaintiff LUMPKIN and might ultimately decline to prosecute the case. The same document instructed plaintiff LUMPKIN to wait at least ninety days and then to telephone the

Office of the District Attorney to see whether or not it had determined to decline prosecution of the charge against plaintiff LUMPKIN.

42. On December 29, 2014, plaintiff LUMPKIN's attorney telephoned the Office of the New York County District Attorney at the number provided in Exhibit "B" and was informed that the charge against plaintiff had been dismissed and sealed. In fact, as the document annexed hereto as Exhibit "C" indicates, it had been dismissed and sealed on August 8, 2014, three days after plaintiff LUMPKIN had received it.

43. Defendants violated plaintiffs' right to be arrested only with probable cause therefor, guaranteed to them by the fourth amendment to the Constitution of the United States, in that, acting under color of state law, and without having any probable cause whatsoever to do so, they falsely and maliciously arrested and imprisoned plaintiffs.

44. Because of the aforementioned acts committed by defendants, each plaintiff suffered a deprivation of her right to be arrested only with probable cause and, as a result, was deprived of her liberty, suffered and continues to suffer serious and permanent emotional injuries, and incurred expenses for legal representation.

45. By reason of the unconstitutional and illegal actions taken against them by defendants, each plaintiff has been damaged in an amount sufficient to compensate her for her damages as enumerated hereinabove and each plaintiff seeks punitive damages against defendants, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiffs, JESSICA LUMPKIN and JAYLINA LLOYD, demand judgment against defendants, DETECTIVE LAUREN BREHM, Shield No. 969, DETECTIVE SHKELZEN AHMETAJ, Shield No. 6476, DETECTIVE "JOHN DOE" and SERGEANT "RICHARD ROE," in an amount sufficient to compensate them for their

damages as enumerated hereinabove, and, in addition, seek punitive damages against defendants, both amounts to be determined at the trial of this action.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
April 20, 2016

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2308